IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CADE OYADOMORI and RANAE AWAKUNI, on behalf of themselves and all others similarly situated in the State of Hawaii, <br><br> Plaintiffs, <br><br> vs. <br><br> CYPRESS SEMICONDUCTOR CORPORATION; FUJITSU AMERICA, INC.; FUJITSU LIMITED, INC.; HITACHI AMERICA LTD.; HITACHI LTD.; HYNIX SEMICONDUCTOR AMERICA INC.; HYNIX SEMICONDUCTOR INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., d/b/a PANASONIC; SEMICONDUCTOR COMPANY, MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD.; MICRON SEMICONDUCTOR PRODUCTS, INC., d/b/a CRUCIAL TECHNOLOGY; MICRON TECHNOLOGY, INC.; MITSUBISHI ELECTRIC & ELECTRONICS USA, INC.; MITSUBISHI ELECTRIC CORPORATION; NEC ELECTRONICS AMERICA, INC.; NEC ELECTRONICS CORPORATION; RENESAS TECHNOLOGY AMERICA, INC.; RENESAS TECHNOLOGY CORP.; SAMSUNG ELECTRONICS COMPANY LTD.; SAMSUNG SEMICONDUCTOR, INC.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS, INC.; TOSHIBA AMERICA CORPORATION; TOSHIBA AMERICA ELECTRONIC COMPONENTS; TOSHIBA CORPORATION; and JOHN DOE 1 through 100; <br><br> Defendants. | CIVIL NO. 06-00666 (JMS/KSC) <br> (Class Action Complaint) <br><br> AFFIDAVIT OF KUNIO KUWABE |

AFFIDAVIT OF KUNIO KUWABE

STATE OF HAWAII                )
                               )  SS:
CITY AND COUNTY OF HONOLULU    )

      KUNIO KUWABE, being first duly sworn on oath, deposes and says:

      1. Affiant is an attorney duly licensed to practice in all the courts of the State of Hawaii and is one of the attorneys representing Plaintiffs in the above-entitled matter.

      2. On December 15, 2006, Plaintiffs filed their Complaint ("Complaint"), a class action alleging a violation of Chapter 480 of the Hawaii Revised Statutes. Pursuant to H.R.S. § 480-13.3 (class actions by private persons), the Complaint was sealed and served upon the Attorney General for the State of Hawai'i.

      3. Affiant and associated counsel on this class action matter have discussed with the Attorney General of the State of Hawai'i, through Deputy Attorney General Rodney I. Kimura, the review of this class action Complaint by the Attorney General's office under H.R.S. § 480-13.3.

      4. As required under H.R.S. § 480-13.3, Plaintiffs submitted the sealed Complaint and supporting materials to the Attorney General of the State of Hawaii for the statutorily mandated review. The statutory review period of 60 days under

H.R.S. § 480-13.3 expired on or about February 13, 2007; however, as stated in Plaintiffs' Ex Parte Motion to Extend Time for Service of Summons and Complaint Filed April 11, 2007, the Attorney General's office does not believe that the statutory period for its review had started to run.

5. Nonetheless, Plaintiffs' counsel and the Attorney General's office have conferred regarding its statutory review of this class action Complaint. And the Attorney General's office has agreed to allow Plaintiffs' counsel to proceed with this class action Complaint subject to its right to intervene as allowable under Hawaii law and further review of the class action Complaint. Therefore, at this time, the Attorney General of the State of Hawai'i has declined to proceed with the action or to file its own action involving the same or similar claim or claims set forth in the Complaint filed herein. Therefore, Plaintiffs request that the Court unseal the Complaint.

6. H.R.S. § 480-13.3 provides in pertinent part:

(a) A class action for claims for a violation of this chapter other than claims for unfair or deceptive acts or practices may be filed, and may be prosecuted on behalf of indirect purchasers by a person other than the attorney general as follows:

. . .

(5) On or before the expiration of the sixty-day period or any extensions obtained, the attorney general shall notify the court of its decision on

3

> whether the State will proceed with the action or file its own action involving the same or similar claim or claims set forth in the complaint filed by the proposed class representative:
>
> . . .
>
>> (C) <u>If the State declines or fails to timely elect to proceed with the action, or declines to file its own action involving the same or similar claim or claims set forth in the complaint filed by the proposed class representative, the proposed class representative shall have the right to conduct the action, and the complaint shall be unsealed and served upon the defendant by order of court</u>. If the attorney general so requests, the State shall be served with copies of all pleadings filed in the action, and shall be supplied with copies of all deposition transcripts at the State's expense. When the proposed class representative proceeds with the action, the court without limiting the status and rights of such person may nevertheless permit the State to intervene at a later date upon showing of good cause, and upon such terms and conditions that the court deems just.
>
> . . . .

<u>Id</u>. (emphasis added).

    7.    Therefore, pursuant to H.R.S. § 480-13.3, on behalf of Plaintiffs, Affiant requests that the Court unseal the Complaint.

    8.    As stated in Plaintiffs' Ex Parte Motion to Extend Time for Service of Summons and Complaint Filed April 11, 2007, after the unsealing of this Complaint, this case will be transferred to the Judicial Panel on Multidistrict Litigation to

4

the Northern District of California, Oakland Division for coordinated pre-trial proceedings with similar class actions filed in other federal courts.

9.  Plaintiffs also seek to correct the misnaming of Plaintiff RANAE AWAKUNI. In the Complaint filed December 15, 2006, Plaintiff's name was mistakenly typed as RANAE AWAKUNI. Ms. Awakuni's first name should have been typed as RENAE. Therefore, Affiant is also seeking to correct and amend the naming of Ms. Awakuni as RENAE AWAKUNI.

10. A copy of this Ex Parte Motion is being delivered to Deputy Attorney General Rodney I. Kimura concurrently with the submission of this Ex Parte Motion for filing herein.

FURTHER AFFIANT SAYETH NAUGHT.

_____
KUNIO KUWABE

Subscribed and sworn to before me
this 4th day of May, 2007.

L.S.

_____
AILEEN COURTENAY
Notary Public, State of Hawaii
My commission expires: July 18, 2010

5